IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01603-PAB-MEH

COPPER CREEK, INC.,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

# ORDER

This matter is before the Court on Defendant's Motion for a Determination of Question of Law [Docket No. 27] pursuant to Federal Rule of Civil Procedure 56. Plaintiff responded. Docket No. 31. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND[1]

Mark Miller is the named insured on an insurance policy that defendant issued. Docket No. 27 at 4, ¶ 1.[2] The policy provides coverage for wind and hail damage for a residential property in Arapahoe County, Colorado (the "property"). *Id.* Mr. Miller claims that, on June 19, 2018, hail damaged the property's tiled roof. *Id.*, ¶ 2. Mr. Miller subsequently transferred to plaintiff his interest in benefits due to him for this damage. *Id.*, ¶ 3. Plaintiff reported the claim to defendant, and defendant paid $1,510.34 based

---

[1] The following facts are undisputed unless otherwise noted.

[2] Neither party provided a copy of the policy.

on the damage that defendant concluded were covered under the policy. *Id.*, ¶¶ 4–5.

Plaintiff disagreed with defendant's assessment of the covered damage and hired a public adjuster to evaluate the loss. *Id.* at 5, ¶ 6. Plaintiff sought to replace the entire roof and maintained that Arapahoe County would not permit the use of "harvested or salvage shingles" to repair the roof of the property. *Id.* Defendant disagreed with plaintiff's assessment and plaintiff invoked the policy's appraisal process. *Id.*, ¶ 7. Both plaintiff and defendant obtained appraisals and retained an umpire pursuant to the policy's appraisal provision. *Id.* The umpire concluded that the roof could be repaired by using "harvested or salvage tiles" without replacing the entire roof. *Id.*, ¶ 8.

On December 13, 2021, Magistrate Judge Michael E. Hegarty held an evidentiary hearing at which Joe Richards, Arapahoe County Building Manager, testified that, although most jurisdictions do not allow salvage tile, Mr. Richards would allow the use of salvage tile if (1) the tile was certified as authentic by an engineer; (2) the tile was equivalent to or less than the weight, pound per square foot, of the existing tile; and (3) defendant warranted the tile and repair. *Id.*, ¶ 9.[3] Mr. Richards testified that he "had the discretion to require this" and "was clear that[,] unless the salvage tile was

---

[3] For motions for summary judgment, the Court's practice standards require that "[e]ach separately numbered and paragraphed fact **must** be accompanied by a specific reference to material in the record which establishes that fact." Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § III.3.b.ii. Defendant, however, does not provide any support for its contentions about Mr. Richards's testimony. *See* Docket No. 27 at 5, ¶ 9. Defendant's failure to comply with the Court's practice standards is grounds to deny the motion. *See* Practice Standards, § III.3.b.ix ("Failure to follow" the Court's practice standards "may result in an order striking or denying the motion or brief.").

2

warranted by . . . [d]efendant, he would not issue a permit for . . . [p]laintiff to repair the roof with salvage tile." *Id.*

## II. LEGAL STANDARD

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Hill v. J.B. Hunt Transp., Inc.*, 815 F.3d 651, 667 (10th Cir. 2016) (same). Nevertheless, defendant brings this motion pursuant to Colorado Rule of Civil Procedure 56(h), *see* Docket No. 27 at 3, which provides that, "[a]t any time after the last required pleading, with or without supporting affidavits, a party may move for determination of a question of law. If there is no genuine issue of any material fact necessary for the determination of the question of law, the court may enter an order deciding the question." Defendant acknowledges that the Federal Rules of Civil Procedure do not contain a similar provision, *see id.*, yet defendant provides no justification for the Court to ignore *Erie* and apply Colorado's rules of procedure instead.

Courts in this district have resolved motions brought erroneously under Colorado Rule of Civil Procedure 56(h) when there is no genuine dispute of material fact. *See, e.g.*, *Losasso v. Toter*, No. 06-cv-02602-REB, 2008 WL 681467, at *1 (D. Colo. Mar. 7, 2008) ("[Defendants] cite rule 56(h) of the Colorado Rules of Civil Procedure as the basis for their motion. This rule is a [rule] of procedure and, thus, under *Erie* and its progeny, Rule 56 of the Colorado Rules of Civil Procedure is not applicable in this diversity case. Rather, Rule 56 of the Federal Rules of Civil Procedure controls. Rule 56 of the Federal Rules of Civil Procedure does not include a subsection (h), and does

not include a provision analogous to Colorado's subsection (h). However, [defendants] seek a determination of an issue of law based on facts that are not in dispute. They may seek such relief under Fed. R. Civ. P. 56.").

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but

instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

## III. ANALYSIS

Defendant argues that the "Arapahoe Building Code"[4] does not require a warranty for "salvage tile," and Mr. Richards does not have the authority to "add legal requirements to a party's ability to obtain a permit to repair a roof that does not otherwise appear" in the Arapahoe Building Code. Docket No. 27 at 5–7. Defendant thus asks the Court to determine, as a matter of law, that Mr. Richards does not have the "discretion to mandate that . . . [d]efendant provide a warranty of any kind on salvage tile . . . [p]laintiff may use in connection with the repairs to its roof, and that it not be denied a permit to conduct its roof repairs on this basis." *Id.* at 10.

The Court will deny the motion. First, as plaintiff explains, the Arapahoe County (Residential) Re-roofing Guide (the "Re-roofing Guide") provides the Building Manager with discretion in issuing a permit involving the use of used materials or equipment. *See* Docket No. 31 at 6. The Re-roofing Guide states, in relevant part, "[u]sed

---

[4] Defendant did not provide the Court with the "Arapahoe Building Code." Plaintiff, however, has provided the "Arapahoe County (Residential) Re-roofing Guide," Docket No. 31-1, and the "International Building Code." Docket No. 31-2. Defendant appears to refer to the former as the "Arapahoe Building Code." *See, e.g.*, Docket No. 27 at 6.

5

materials, equipment and devices shall not be reused *unless approved by the building official*." *Id.* (quoting Docket No. 31-1 at 2 (emphasis added)).  The International Building Code (the "Code"), which Arapahoe County has adopted, also provides the Building Manager significant discretion.  The Code states, in relevant part, "[a]n alternative material, design or method of construction for a specific permit may be approved on a case-by-case basis, where the building official finds that the proposed design is satisfactory and complies with the intent of the provisions of this code." *Id.* at 7 (quoting Docket No. 31-2 at 3).  Given the discretion that both the Re-roofing Guide and the Code provide to the Building Manager and Mr. Richards's testimony that he was acting in his discretion, the Court cannot conclude, based on its interpretation of the Re-roofing Guide and Code, that, as a matter of law, Mr. Richards exceeded his authority or abused his discretion in this case.

Moreover, the Court agrees with plaintiff that the appropriate mechanism to address a decision of the Building Manager that defendant finds objectionable or erroneous is through the appeal process provided in the Code.  *See* Docket No. 31 at 7–8 (quoting Docket No. 31-2 at 5 ("Persons may appeal an erroneous decision of the Building Official refusing to issue, attaching conditions to issuance, or the suspension, revocation or cancellation of a permit or certificate of occupancy to the Board of County Commissioners or its designee stating the reason that the decision was erroneous.")).

## IV. CONCLUSION

For the foregoing reasons, it is

6

**ORDERED** that Defendant's Motion for a Determination of Question of Law [Docket No. 27] is **DENIED**.

DATED February 7, 2022.

                                            BY THE COURT:

                                            PHILIP A. BRIMMER
                                            Chief United States District Judge